IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE E. DUDLEY, SR.,                    )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )       Case No. 09-2027-JWL
                                        )
NORTH CENTRAL REGIONAL OFFICE,          )
et al.,                                 )
                                        )
                    Defendants.         )

## REPORT AND RECOMMENDATION

This case comes before the court[1] on the order of the undersigned U.S. Magistrate

Judge, James P. O'Hara, for the pro se plaintiff, Gene E. Dudley, Sr., to show cause why this

case should not be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b) **(doc. 11)**.

Plaintiff has filed a response to the order to show cause (doc. 12).

Plaintiff filed his complaint on January 21, 2009 (doc. 1).  On January 22, 2009, the

undersigned granted plaintiff's motion for leave to proceed in forma pauperis (*see* doc. 3).

Pursuant to the court's order, plaintiff provided the addresses of all named defendants so the

Clerk of the Court could proceed with service of process (*see* docs. 4 & 5).  The Clerk then

issued summons and delivered them to the U.S. Marshal for service on the defendants.

The summons were returned executed by certified mail on the defendants, North

---

[1]On March 31, 2009, the presiding U.S. District Judge, Hon. John W. Lungstrum,
referred the instant order to show cause to the undersigned U.S. Magistrate Judge, James P.
O'Hara (*see* doc. 13).

Central Regional Office, Office of General Counsel, Director McNalley, CCM Racey, and KCCC/RRC Director Meagerman.  All of the defendants except the Office of the General Counsel were served on February 11, 2009. (*see* docs. 6 & 8-10).  The Office of the General Counsel was served on February 19, 2009 (*see* doc. 7).

On March 20, 2009, the undersigned entered an order for plaintiff to show cause why this case should not be dismissed for lack of prosecution.  The court stated that all of the defendants were served on February 11, 2009, but as noted above, the Office of the General Counsel was served on February 19, 2009.  The court also stated that none of the defendants have filed an answer to plaintiff's complaint and that no further action had been taken on this matter.

Plaintiff timely filed a response to the order to show cause stating that he recently submitted an amended complaint to the court and labored under the premise that the Federal Bureau of Prison (agency of the United States Government) had sixty days to respond. Plaintiff notes that the period has not passed.  Plaintiff was unsure if the United States Attorney General's Office was to respond for the other defendants.  Plaintiff argues that any inactions on his part were not meant to delay the proceedings or prejudice the defendants. Plaintiff notes that this case has only been pending for less than four months and that a dismissal is not warranted.

Initially, the court notes that the Clerk's office did not receive an amended complaint by plaintiff.  If plaintiff intended to file an amended complaint, he should immediately re-file

it.  Fed. R. Civ. P. 41(b) provides that a case may be dismissed if the plaintiff fails to prosecute it.  Ordinarily, a defendant must serve its answer within twenty days of being served with the summons and complaint.[2]  A defendant who is the United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer within sixty days after service on the United States attorney.[3]  A defendant who is a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer within sixty days after service on the officer or employee or service on the United States attorney, whichever is later.[4]

Plaintiff states that at least some of the defendants are employed through the Federal Bureau of Prisons, an agency of the United States government.  It is unclear if plaintiff is suing the defendants in their official capacity or as individuals.  Pursuant to Fed. R. Civ. P. 4(i)(2)-(3), the summons and the complaint must be served on a United States officer or employee and on the United States.  Pursuant to Fed. R. Civ. P. 4(i)(1), service on the United States requires a copy of the summons and complaint be sent to the United States attorney for the district where the action is brought and to the Attorney General of the United States at Washington, D.C.  Although plaintiff provided both the address for the United States

---

[2]Fed. R. Civ. P. 12(a)(1)(A)(i).

[3]Fed. R. Civ. P. 12(a)(2).

[4]Fed. R. Civ. P. 12(a)(3).

Attorney for the District of Kansas and the United States Attorney General's Office (*see* doc. 5), it does not appear that the United States has been served in this case.  The undersigned therefore finds that the Clerk of the Court should serve the United States.

Because the United States attorney has not been served, the sixty-day period for defendants to answer has not started.  Regardless, sixty days has not passed since the service of the defendants.  The undersigned therefore believes defendants should be given additional time to answer.  The undersigned is of the opinion that the plaintiff has shown sufficient cause why this case should not be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).  Accordingly, the undersigned respectfully recommends that Judge Lungstrum not dismiss the instant case.

Plaintiff is hereby informed that, within ten days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the ten-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

Copies of this order shall be served on the pro se plaintiff by regular and certified mail.

Dated this 1st day of April, 2009, at Kansas City, Kansas.

 s/James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge