**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GENE E. DUDLEY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-2027-JWL |
| ) | |
| **NORTH CENTRAL REGIONAL OFFICE,** ) | |
| **KCCC/RRC,** ) | |
| **CCM RACEY,** ) | |
| **DIRECTOR MEAGERMAN,** ) | |
| **DIRECTOR MCNALLEY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff, Gene E. Dudley, Sr., proceeding pro se, filed suit on January 21, 2009 against the defendants, including North Central Regional Office, Office of General Counsel, Director McNalley, CCM Racey, and KCCC/RRC Director Meagerman. On March 20, 2009, Magistrate Judge O'Hara issued a Notice and Order to Show Cause to the plaintiff explaining that none of the defendants had filed an answer to the plaintiff's complaint and ordering the plaintiff to show cause why the case should not be dismissed with prejudice for lack of prosecution (Doc. 11). Mr. Dudley timely responded to the Notice and Order to Show Cause on March 26, 2009 (Doc. 12).[1]

On April 1, 2009, Judge O'Hara issued a Report and Recommendation,

---

[1] On March 31, 2009, the court referred this matter to Judge O'Hara for a Report and Recommendation.

recommending that the court not dismiss the case (Doc. 14). Thereafter, on April 7, 2009, Mr. Dudley filed timely objections to the Report and Recommendation (Doc. 16). On the same day, Mr. Dudley filed a motion seeking an order of default judgment against defendants KCCC/RCC and Director Meagerman. Mr. Dudley also filed an amended complaint naming North Central Regional Office, KCCC/RCC, CCM Racey, Director Meagerman and Director McNalley as defendants on April 7, 2009 (Doc. 17). As explained below, the court overrules the plaintiff's objections and adopts in its entirety the Report and Recommendation of Judge O'Hara.

The standards this court must employ when reviewing objections to the Report and Recommendation are clear. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Only those portions of the Report and Recommendation that have been specifically identified as objectionable will be reviewed. *Garcia v. City of Alburquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). The review of those identified portions is de novo, and the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995).

In his response to the Notice and Order to Show Cause, Mr. Dudley explained that he had recently submitted an amended complaint to the court and also believed that the Federal Bureau of Prisons had sixty days to respond to his complaint and noted this time had not yet elapsed. Mr. Dudley further explained that he was not sure whether the United States Attorney General's Office was going to respond for the other defendants. Mr. Dudley then argued that he did not intend to delay the proceedings or prejudice the

2

defendants. Finally, he noted that the case had been pending for less than four months and that a dismissal of the case was not warranted.

Judge O'Hara first explained in the Report and Recommendation on this matter that the Clerk's Office had not received an amended complaint from the plaintiff, and if the plaintiff intended to file such a document, he should immediately re-file it. Then Judge O'Hara explained that Fed. R. Civ. P. 12 governs the amount of time a defendant has to file an answer. Because Mr. Dudley was suing various defendants who are employed through the Federal Bureau of Prisons either in their official or individual capacities, pursuant to Fed. R. Civ. P. 4(i)(2)-(3), the summons and the complaint must be served on the employee and on the United States itself. The Report and Recommendation went on to explain how service can be achieved on the United States, and further noted that, although the plaintiff had provided the appropriate addresses for the United States Attorney for the District of Kansas and the United States Attorney General's Office, it appeared that service on the United States had not been achieved. Upon finding that the United States had not been served in the case, Judge O'Hara explained that the sixty-day period for the defendants to answer had not begun, and in any case, at the time of the issuance of the Report and Recommendation, sixty days had not passed since the service of the defendants. For these reasons, Judge O'Hara found that the defendants should be given additional time to answer. Finally, Judge O'Hara recommended that the case not be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

In his objections to Judge O'Hara's Report and Recommendation, the plaintiff first objects that the Report and Recommendation is unclear as to whether effective service had been achieved on the United States. Mr. Dudley then argues that the fact that the United States had not been served in Washington D.C. did not necessarily preclude the other defendants from responding because he believed that the United States had been served in Kansas. Next, Mr. Dudley states that the Report and Recommendation "suggest[s] that [the] government should [get] not sixty days but one hundred & twenty days to respond sua sponte notwithstanding the docket entries implying the possibility of effectual service." Mr. Dudley then correctly points out that it is the responsibility of the clerk's office to effectuate service for a pro se litigant. In conclusion, Mr. Dudley asks that the Report and Recommendation be overruled and an order be issued requiring the defendants to respond or have a default judgment entered against them.

It appears from Mr. Dudley's objections to the Report and Recommendation that he misunderstands the requirements under the Federal Rules of Civil Procedure for effective service. In his suit, Mr. Dudley is suing various federal employees and federal agencies. His complaint asserts that the defendants "acting in their individual and/or official capacities" infringed on his constitutional rights. Under Fed. R. Civ. P. 4(i)(2), in order to serve an agency or employee of the United States sued in an official capacity, a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency or employee. Under Fed. R. Civ. P. 4(i)(3), in order to serve an officer or employee of the United States sued in an individual

capacity, a party must serve the United States and also serve the officer or employee. Fed. R. Civ. P. 4(i) outlines that to serve the United States, a party must (1) deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought; (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) if the action challenges an order of a non-party agency or officer of the United States, send a copy of the summons and complaint by registered or certified mail to the agency or officer. Therefore, even if Mr. Dudley were correct that service had been achieved on the United States in Kansas–which a review of the record does not reveal–nonetheless, a copy of the summons and complaint must also be sent to the Attorney General of the United States in Washington, D.C. before service on the United States is effective. The defendants are not required to respond to the complaint until effective service has been achieved. In addition, by recommending that this case not be dismissed for lack of prosecution, Judge O'Hara enables exactly what Mr. Dudley asks for in his prayer for relief in his objections; namely that the defendants be allowed to respond to the plaintiff's complaint. Therefore, the court overrules Mr. Dudley's objections and adopts the Report and Recommendation in its entirety.

The court denies Mr. Dudley's Motion for Default Judgment (Doc. 18) as both defendants, KCCC/RRC and Director Meagerman, actually have sixty days to respond after the service of the summons and the complaint due to their status as agencies or employees of the federal government. As discussed above, because effective service has

not been achieved with respect to the United States, the defendants' time to answer has not begun.  Thus, the court denies Mr. Dudley's Motion for Default Judgment (Doc. 18).

On the same day Mr. Dudley filed his Motion for Default Judgment, he also filed the amended complaint referenced in his response to the Notice and Order to Show Cause.  Mr. Dudley was within his rights to file this amended complaint.  *See* Fed. R. Civ. P. 15(a)(1)(A).  Therefore, the court finds that the Clerk of the Court should serve the defendants, including the United States, with this amended complaint.  Once effective service is achieved, the defendants will have sixty days to respond.

IT IS THEREFORE ORDERED BY THE COURT THAT Mr. Dudley's objections to the Report and Recommendation of Judge O'Hara (Doc. 16) is overruled and the Report and Recommendation is adopted in its entirety.

IT IS FURTHER ORDERED BY THE COURT THAT Mr. Dudley's Motion for Default Judgment (Doc. 17) is denied.

IT IS FURTHER ORDERED BY THE COURT THAT the Clerk of the Court serve the defendants with the amended complaint.

IT IS SO ORDERED.

Dated this 27th day of April, 2009, in Kansas City, Kansas.

                                         s/ John W. Lungstrum
                                         John W. Lungstrum
                                         United States District Judge