IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GENE E. DUDLEY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-2027-JWL |
| ) | |
| NORTH CENTRAL REGIONAL OFFICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER REGARDING JUDICIAL DISQUALIFICATION

Pursuant to Canon 3 of the Code of Conduct for United States Judges, the parties and their attorneys of record are hereby informed of the potential disqualification of the undersigned U.S. Magistrate Judge, James P. O'Hara, from further acting in this case. Canon 3C(1) provides that a "judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Defendant KCCC/RRC Director Meagerman is represented by Matthew K. Corbin of Lathrop & Gage, L.C., a law firm which employs Judge O'Hara's daughter, Kate O'Hara Gasper, as an associate. In accordance with the law firm's internal conflict-of-interest screening procedures, Kate O'Hara Gasper is *not* working on this case.

The applicable ethical standards make clear that the above-described circumstances, standing alone, do *not* constitute a situation in which a judge's impartiality could be *reasonably* questioned, and therefore judicial disqualification under Canon 3 is not required.

*See* Advisory Opinion No. 58 (rev. July 10, 1998), Committee on Codes of Conduct, U.S. Judicial Conference. However, those standards also recognize that other circumstances could arise which, in combination with the relative's status as an associate in a law firm involved in a case, might reasonably raise a question about the judge's impartiality and in turn warrant disqualification. Judge O'Hara represents he is unaware of any disqualifying circumstances. But he acknowledges that one of the parties or lawyers involved in this case might have knowledge of such circumstances.

In an abundance of caution, and to ensure that all parties and counsel involved in this case are notified of circumstances that could be perceived as giving the appearance of impropriety, the court has issued this order. The parties and their counsel are hereby informed of this potential disqualification and ordered to comply with the directives set out in the contemporaneously issued Notice Concerning Waiver of Judicial Disqualification.

Dated this 7th day of July, 2009, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge