IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GENE E. DUDLEY, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTH CENTRAL REGIONAL OFFICE, et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No. 09-2027-JWL |

### **MEMORANDUM AND ORDER**

In this action, plaintiff, appearing *pro se*, alleges that he was wrongfully made to incur certain medical expenses while participating in a federal residential re-entry program at Kansas City Community Center ("KCCC"), that he was intentionally and improperly hindered in his attempt to exhaust administrative remedies for grievances he held regarding the payment of such medical expenses, and that he was injured when the defendants delayed the delivery to him of certain legal mail.[1]  The matter is presently before the Court on the motion by defendants Kansas City Community Center and Mr. Charles Megerman (collectively "defendants") to dismiss for lack of personal jurisdiction (doc. # 33), pursuant to Fed. R. Civ. P. 12(b)(2).  For the reasons set forth below, the

---

[1] Plaintiff asserted different claims in the first complaint filed (doc. #1), an amended complaint (doc. #17), and a supplement to the amended complaint (doc. #30).  In the amended complaint, plaintiff stated that he sought to amend the original complaint by adding to the claims contained therein.  This Court will therefore consider, for purposes of resolving this motion to dismiss, all of plaintiff's claims in the original complaint, the amended complaint, and the supplement, keeping in mind that this Court must construe a pro se litigant's pleadings "liberally."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*citing Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.E.2d 652 (1972)).

1

motion is **granted** and the Court dismisses plaintiff's claims against defendants KCCC and Mr. Megerman.[2]

## I. Background / Facts

Following his incarceration at a federal prison, plaintiff participated in a federal residential re-entry center program at Kansas City Community Center ("KCCC"). The program seeks to assist federal offenders with issues relating to their re-entry into society after imprisonment. The program is operated pursuant to a contract awarded to KCCC by the Federal Bureau of Prisons in 2007. In the contract, the Bureau of Prisons, as "Contracting Officer," designated the North Central Regional Office in Kansas City, Kansas as the "Contracting Officer's Technical Representative," or "COTR." The North Central Regional Office works with KCCC as the designated representative. For example, the Bureau of Prisons provides funding to KCCC for the program, and the contract provides for payment to be made by the North Central Regional Office.

KCCC is a Missouri not-for-profit corporation, and all of its facilities are located in Missouri. Defendant Charles Megerman is the executive director of residential programs for KCCC. During the time plaintiff participated in the program, plaintiff resided at KCCC's facilities in Kansas City, Missouri. While placed at KCCC, he received medical, dental and optometry care from two Missouri healthcare facilities, Swope Parkway Health Care Services and Truman Medical Center. During this time at

---

[2] The disposition of this motion does not affect the claims against defendants Federal Bureau of Prisons North Central Regional Office, Office of General Counsel, North Central Regional Office's Regional Director Michael K. Nalley, or North Central Regional Office's Contract Oversight Specialist Van Racy. Those claims remain pending before the Court.

KCCC, he was employed by Dudley Does It All, located in Missouri. He was injured while working and when he informed KCCC staff of his pain from the injury, the staff allegedly informed him that KCCC policy required him to be transported by an ambulance for medical treatment. Plaintiff was taken by ambulance for treatment, and received medical care at facilities located in Kansas City, Missouri.

Plaintiff asserts that he entered into an agreement with the Bureau of Prisons providing for continued medical coverage while participating in the program at KCCC and that federal law requires the free provision of such medical care. Plaintiff alleges that he personally incurred costs for the medical care he received while at KCCC, including the fee for ambulance transportation and costs associated with dental and optometry care. He claims that the imposition of such costs upon participants in re-entry center programs violates federal law, including the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008). He filed a grievance with KCCC regarding such expenses and the grievance was allegedly reviewed and denied by the North Central Regional Office. He apparently appealed the denial of the grievance with no success. Plaintiff asserts that the Office of General Counsel for the Bureau of Prisons hindered or delayed his attempts to exhaust administrative remedies in regards to his grievance, and that the North Central Regional Office and Office of General Counsel for the Bureau of Prisons "created a sham and artifice" to make it appear that plaintiff had sufficiently exhausted his remedies under the FTCA, when they had in fact not been exhausted.[3]

---

[3] The plaintiff alleges these facts in the supplement to his amended complaint (doc # 30). It is unclear what exact grievance these allegations relate to.

While participating in the program at KCCC, plaintiff received mail from the United States District Court for the Eastern District of Michigan regarding a separate lawsuit plaintiff had filed. The letter was received by the North Central Regional Office, forwarded to KCCC, and then given to plaintiff. Plaintiff alleges that the defendants delayed delivery of the mail and that he was harmed by the delay because the lawsuit was dismissed. In support of their motion, the defendants have submitted the affidavit of Kyle Mead, the Facility Director for KCCC's federal residential re-entry center program, explaining how mail is received by prior inmates who participate in the program at KCCC. Most mail sent to those participating in programs at KCCC is delivered directly to KCCC. However, any mail that is addressed to a participant's previous place of incarceration is sent to the North Central Regional Office, which then forwards it to KCCC.

## II. Discussion

Defendants argue that plaintiff's action must be dismissed for lack of personal jurisdiction. The party bringing the action bears the burden of establishing personal jurisdiction over the defendant. *AST Sports Science Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). However, when a pre-trial motion to dismiss is considered by the court without an evidentiary hearing, the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1057 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). The plaintiff can satisfy this burden by "demonstrating, via affidavits or other written

4

materials, facts that if true would support jurisdiction over the defendant." *Id.* In determining whether this necessary showing has been made, all factual disputes are resolved in the plaintiff's favor.  If uncontroverted by the defendant's affidavits, the well-pled factual allegations in the complaint must be taken as true. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  Resolving all doubts in plaintiff's favor, the Court concludes that plaintiff has not met his burden of making a prima facie showing that defendants are subject to the jurisdiction of this court.  Thus, the Court dismisses plaintiff's action against defendants KCCC and Mr. Megerman for lack of personal jurisdiction.

Plaintiff asserts federal question jurisdiction, based on an alleged violation by defendants of the Second Chance Act of 2007.[4]  In addition, plaintiff asserts the right to bring claims under various other constitutional and statutory provisions, including 42 U.S.C. § 1997 et. seq., 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 18 U.S.C. § 4041-44.[5] Before a federal court can exercise personal jurisdiction over a defendant in a federal question case such as this one, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).  None of the federal statutes plaintiff asserts as grounds for the exercise of federal question jurisdiction

---

[4] Second Chance Act of 2007: Community Safety Through Recidivism Prevention, Pub. L. No. 110-199, 122 Stat. 657 (2008).

[5] In his response and surreply to defendants' motion to dismiss, plaintiff additionally cites to 28 C.F.R. § 542.

5

authorizes nationwide service of process. Therefore, Fed.R.Civ.P. 4(k)(1)(A) directs this Court to the Kansas long-arm statute, K.S.A. 60-308(b).[6]

The Kansas long-arm statute provides for personal jurisdiction over a defendant if the cause of action arises from the defendant or his agent committing certain enumerated acts, including:

> transaction of any business within this state; or
>
> entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state.[7]

The statute also provides for general jurisdiction over nonresidents if their contacts with Kansas are "substantial, continuous and systematic." K.S.A. 60-308((b)(2).[8] The Kansas Supreme Court liberally construes the Kansas long-arm statute to permit personal jurisdiction over nonresident defendants to the fullest extent permitted by the Due Process Clause. *Kluin v. American Suzuki Motor Corp.*, 274 Kan. 888, 894, 56 P.3d 829, 834 (2002). Therefore, the jurisdictional inquiries under the Kansas long-arm statute and the Due Process Clause are duplicative and this Court will proceed to consider whether the exercise of jurisdiction over defendants KCCC and Mr. Megerman comports with due

---

[6] Fed.R.Civ.P. 4(k)(1)(A) provides that service of summons establishes personal jurisdiction over a defendant who is subject to jurisdiction in the state court where the district court is located—here, Kansas. The Kansas long-arm statute, K.S.A. 60-308(b), determines whether defendants are subject to the jurisdiction of Kansas state courts.

[7] K.S.A. 60-308(b)(1)(A), (E)

[8] K.S.A. 60-308(b)(2) states:

A person may be considered to have submitted to the jurisdiction of the courts of this state for a cause of action which did not arise in this state if substantial, continuous and systematic contact with this state is established that would support jurisdiction consistent with the constitutions of the United States and of this state.

process.  *See Th Agric. & Nutrition v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (proceeding directly to the constitutional analysis).

      The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as the defendant purposefully established "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *accord AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  This standard may be met in two ways.  First, a court may exercise specific jurisdiction if a defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *AST Sports Science, Inc.*, 514 F.3d at 1058 (quoting *Burger King*, 471 U.S. at 472).  Second, a court may exercise general jurisdiction if the defendant's contacts with the forum state, while unrelated to the alleged activities upon which the claims are based, are nonetheless "continuous and systematic." *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  If the defendants have sufficient minimum contacts with the forum state, the Court must analyze whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *AST Sports Science, Inc.*, 514 F.3d at 1057 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)).  As discussed below, the Court concludes that plaintiff's evidence regarding defendants' contacts with Kansas is insufficient to permit the court to exercise either specific or general jurisdiction over defendants, and the Court therefore grants the motion of

defendants KCCC and Mr. Megerman to dismiss the claims against them for lack of personal jurisdiction.

1. Specific Jurisdiction

In order to exercise specific jurisdiction over the defendants, the Court must find the defendants have "purposefully directed" their activities towards Kansas and that the litigation results from alleged injures that arise out of or relate to those activities. *Th Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citing *Burger King*, 471 U.S. at 472). The defendants must have purposefully availed themselves "of the privilege of conducting activities within the forum State…" *AST Sports Science, Inc.*, 514 F.3d at 1057-58. The purposeful availment requirement serves the following functions: (1) it "assures a reasonable expectation in the out-of-state defendant that he might be brought into court in the state where he sought to do business and invokes the benefits and protections of the forum state's laws" and (2) it "ensures that a defendant will not be subject to the laws of a jurisdiction 'solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.'" *Id.* (citing *Burger King,* 471 U.S. at 472 and *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 625 (10th Cir. 1988)). While bearing in mind that the Court must give a "liberal" construction to plaintiff's pro se pleadings, the Court concludes that plaintiff has not made the requisite showing that the defendants have purposefully availed themselves of the privilege of acting within Kansas. Therefore, the Court cannot constitutionally exercise specific jurisdiction over the defendants.

Plaintiff alleges that the following actions of the defendants establish sufficient "minimum contacts" with Kansas: (1) the North Central Regional Office received legal mail addressed to plaintiff in Kansas, and forwarded it to defendant KCCC in Missouri (2) the contract between the Bureau of Prisons and defendant KCCC designated the North Central Regional Office in Kansas City, Kansas as the Bureau of Prison's "Technical Representative," and the North Central Regional Office worked with KCCC as the designated representative, and (3) defendants violated an obligation to provide free medical care to participants in the program at KCCC and collectively reviewed plaintiff's grievance regarding his medical care expenses.[9]  However, these facts, even considered collectively, are insufficient to establish minimum contacts with Kansas.

First, KCCC did not purposefully direct activities towards Kansas merely by receiving in Missouri a letter that had been forwarded on through the North Central Regional Office in Kansas.  Plaintiff alleges that the North Central Regional Office or KCCC delayed delivery of the letter to him, resulting in dismissal of a separate lawsuit plaintiff had filed.  Plaintiff's claims therefore do arise in part out of the North Central Regional Office's receipt of the letter.  However, defendants did not purposefully reach out to Kansas by accepting a letter from the North Central Regional Office and therefore could not reasonably anticipate being subject to suit in Kansas for such an action.

---

[9] Plaintiff did not allege any contacts specifically relevant to jurisdiction over defendant Mr. Megerman. The 10th Circuit has instructed that each defendant's contacts with the forum state be assessed individually. *Trujillo v. Williams*, 465 F.3d 1210, 1219 n.10 (10th Cir. 2006).  However, as plaintiff has not asserted that Mr. Megerman had any separate, individual contacts with Kansas, the Court will consider each "contact" asserted by plaintiff as potentially applicable to both KCCC and Mr. Megerman.

9

Moreover, a delay of plaintiff's mail caused harm, if any, in Missouri rather than Kansas, as plaintiff resided in Missouri at the time.

Plaintiff also points to the designation of the North Central Regional Office as the "Technical Representative" for the Federal Bureau of Prisons in the contract between the Bureau of Prisons and KCCC as a relevant "contact" of defendants KCCC and Mr. Megerman with Kansas. In his replies to defendant's motion to dismiss (doc. # 37 and doc. #43) plaintiff also alleges that an official at the North Central Regional Office, Mr. Racy, coordinated the affairs for KCCC, controlled the placement of offenders to KCCC, and regularly visited KCCC as the "program facilitator."[10] Plaintiff asserts that this contractual relationship and the involvement of the North Central Regional Office in the affairs of KCCC permit the Court to exercise specific jurisdiction over defendants KCCC and Mr. Megerman under the Kansas long-arm statute. In particular, he contends these facts demonstrate the defendants have transacted business within Kansas under K.S.A. 60-308(b)(1)(A) and have entered into a contract with a resident of Kansas under K.S.A. 60-308(b)(1)(E).[11] However, plaintiff has not asserted that defendants KCCC or Mr. Megerman purposefully committed an act or consummated a transaction *in Kansas*. *See*

---

[10] The allegations regarding Mr. Racy's conduct and have neither been verified nor are contained in an affidavit, but were not disputed by defendants. Bearing in mind that the Court must resolve all factual disputes in plaintiff's favor in determining whether plaintiff has met his prima facie showing of personal jurisdiction, the Court will treat as true all relevant facts contained in plaintiff's pleadings and replies to defendant's motion. Even considering all such facts, the Court concludes plaintiff has not met his burden of establishing jurisdiction over the defendants.

[11] K.S.A. 60-308(b) provides for personal jurisdiction over a defendant if the cause of action arises from the defendant or his agent committing certain enumerated acts, including:

> transaction of any business within this state; or

> entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state.

*Kluin v. American Suzuki Motor Corp.*, 274 Kan. 888, 895, 56 P.3d 829, 834 (2002) (stating that in order to have transacted business under the Kansas long-arm statute, the nonresident must have purposefully committed some act or consummated a transaction within the state). In addition, even if a contractual relationship existed between defendant KCCC and the North Central Regional Office within the meaning of K.S.A. 60-308(b)(1)(E), plaintiff fails to establish either that the contract was entered into in Kansas or that it was performed wholly or partially in Kansas. *See Kluin*, 274 Kan. at 904, 56 P.3d at 839 (finding no basis for jurisdiction on contractual grounds where the contract was neither entered into in Kansas nor performed at least partially in Kansas). Therefore, plaintiff has not asserted facts demonstrating that defendants KCCC or Mr. Megerman have committed any acts subjecting them to personal jurisdiction under the Kansas long-arm statute.

Moreover, even if the Kansas Supreme Court interpreted K.S.A. 60-308(b) to permit jurisdiction based on such tenuous contacts, the activities of KCCC and Mr. Megerman would not be constitutionally sufficient to permit the exercise of specific jurisdiction over them. First, plaintiff has failed to demonstrate that his claim "arises out of or results from" the contractual relationship or other interaction between KCCC and the North Central Regional Office. Second, plaintiff has asserted no actions of either defendant that demonstrate they purposefully availed themselves of the privilege of acting in Kansas. As the 10th Circuit has recognized, "[a]n individual's contract with an out-of-state party cannot, standing alone, establish sufficient minimum contacts with the forum state." *Th Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282,

11

1287 (10th Cir. 2007) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).  Rather, the contract plaintiff relies upon to establish minimum contacts "must have a 'substantial connection' with the forum state."  *Id.* at 1288.  Therefore, the mere presence of one party to the contract within the forum state is insufficient to confer jurisdiction.  *See id*. (noting that the presence of an insured within the forum state is insufficient when the action is based upon an insurance contract).  When the contracting parties are located in more than one state, only those nonresident defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' may be subject to jurisdiction in the other state."  *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (quoting *Burger King*, 471 U.S. at 473).

      To determine whether a nonresident defendant purposefully established contacts with the forum state by entering into a contract, the Court examines "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'"  *Th Agric. & Nutrition, LLC*, 488 F.3d at 1288 (quoting *Burger King*, 471 U.S. at 479).  The contract at issue was negotiated between the Federal Bureau of Prisons and KCCC, outside of Kansas.  It did not contemplate performance by KCCC in Kansas, and plaintiff has not asserted that KCCC undertook any action in Kansas with regard to the contract.  Moreover, plaintiff has not alleged that dealings between KCCC and the North Central Regional Office occurred anywhere but in Missouri.  *See id.* (noting that the dealings of the parties occurred outside of Kansas and were therefore insufficient to establish minimum contacts with Kansas).  The fact that

12

officials from the North Central Regional Office visited KCCC or worked with KCCC as representatives for the Federal Bureau of Prisons cannot demonstrate that KCCC reached out to Kansas and purposefully established contacts there. Rather, the asserted "contacts" of defendants with Kansas "are the unintended consequence of [their] relationships with entities which are based in other jurisdictions." *See Allied Leather Corp. v. Altama Delta Corp.*, 785 F. Supp. 494, 499 (M.D. Pa. 1992) (finding that the court lacked personal jurisdiction over a defendant manufacturer although the manufacturer had contracted with the Department of Defense for the sale of goods and had interacted with a producer and a division of the Department of Defense located within the forum state, pursuant to the contract). Defendants KCCC and Mr. Megerman interacted with an agency located in Kansas because the federal government decided that was where the Bureau of Prison's regional office should be located---not because defendants sought to reach out and conduct activities in Kansas. *Id.* As the Tenth Circuit has explained, the focus in analyzing personal jurisdiction must be upon the defendants' relevant contacts with the forum state, and not the defendants' contacts with a resident of the forum. *Trujillo v. Williams*, 465 F.3d 1210, 1219 (10th Cir. 2006) (quoting *Institutional Food Marketing Assocs., Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 456 (8th Cir. 1984)). Plaintiff has not alleged that KCCC or Mr. Megerman had any relevant contacts with Kansas, but rather merely contact in Missouri with an entity based in Kansas. In addition, any harm plaintiff endured from an alleged breach of the contract by having to pay his own medical expenses occurred in Missouri, where plaintiff received all medical treatment and where he resided. Therefore, the Court concludes that even if the relations

between KCCC and the North Central Regional Office relate to plaintiff's claims for relief, they cannot establish a purposeful act of defendants KCCC or Mr. Megerman such that defendants could reasonably anticipate being subject to suit in Kansas.

Lastly, plaintiff alleges that defendants have had sufficient contact with the forum state because they violated an obligation to provide medical care to plaintiff free of charge and then collectively reviewed the related grievance filed by plaintiff. In particular, the North Central Regional Office in Kansas City, Kansas purportedly reviewed the grievance plaintiff had filed after it was submitted to defendant KCCC. As plaintiff asserts that defendants hindered or delayed his attempt to exhaust administrative remedies with respect to this grievance, the litigation potentially results in part from injuries relating to review of the grievance. However, the fact that the North Central Regional Office in Kansas reviewed a grievance filed originally with defendants in Missouri does not establish that KCCC or Mr. Megerman purposefully conducted activities in Kansas. Indeed, the Tenth Circuit has concluded that a nonresident defendant does not have sufficient contacts with a forum state when the only asserted contacts of the nonresidents involve signing appeals of grievances asserted by prisoners in the forum state and occasionally advising senior agency staff in the forum state. *Johnson v. Rardin*, 1992 WL 9019, at *1 (10th Cir. Jan. 17, 1992) (unpublished table opinion). *See also Mansoori v. Lappin*, 2005 WL 2387599, at *5 (D. Kan. Sept. 21, 2005). Therefore, the North Central Regional Office's review of plaintiff's grievance would be insufficient to find even that an official from the North Central Regional Office had availed himself of the privilege of conducting activities in Missouri. *A fortiori*, the

14

Missouri entity—KCCC—cannot be found to have availed itself of the privilege of conducting activities in Kansas when a Kansas agency reviews grievances filed by the Missouri entity's program participants.

In conclusion, the Court determines that it cannot constitutionally exercise specific jurisdiction over defendants KCCC or Mr. Megerman.  Plaintiff has failed to satisfy his burden of establishing a prima facie case that jurisdiction over the defendants is proper.  In particular, he has failed to point out how defendants have engaged in any conduct that constitutes a purposeful availment of the privilege of acting within Kansas; therefore, they could not have reasonably anticipated being subject to suit in Kansas based upon their alleged activities.

2.  General Jurisdiction

Having concluded that the defendants are not subject to specific jurisdiction in Kansas, the Court considers whether it may nevertheless exercise general jurisdiction over the defendants.  The Court may exercise general jurisdiction over the defendants even if the alleged injury is unrelated to the defendants' contacts with the forum state if the unrelated contacts are "continuous and systematic" enough "that the defendant could reasonably anticipate being haled into court in that forum." *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir. 1996) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  Plaintiff has failed to establish that defendants have engaged in any activities in the forum state that could support a finding of "continuous and systematic" contact with Kansas.  General jurisdiction may be exercised only if the

nonresident has "a substantial amount of contacts with the forum state." *Trierweiler*, 90 F.3d at 1533 (citing 4 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1067, at 298 (2d ed. 1987)). Although plaintiff asserts that defendants interacted with the North Central Regional Office to some degree because the North Central Regional Office served as the Bureau of Prisons' "Technical Representative," nothing in plaintiff's complaint indicates that defendants KCCC or Mr. Megerman engaged in any continuous business in Kansas. Therefore, the exercise of general jurisdiction is not appropriate.

For the foregoing reasons, the Court concludes that it may not exercise personal jurisdiction over defendants KCCC or Mr. Megerman because to do so would violate the requirements of due process.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motion of defendants KCCC and Mr. Megerman to dismiss plaintiff's complaint for lack of personal jurisdiction (doc. # 33) is **granted** and plaintiff's claims regarding these defendants are dismissed.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
