IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GENE E. DUDLEY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-2027-JWL |
| ) | |
| NORTH CENTRAL REGIONAL OFFICE, ) | |
| et. al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Gene E. Dudley Sr., appearing pro se, alleges that he was wrongfully made to incur certain medical expenses while participating in a federal residential re-entry program at Kansas City Community Center ("KCCC"), that he was injured when the defendants delayed the delivery to him of certain legal mail, that he was intentionally and improperly hindered in his attempt to exhaust certain administrative remedies for grievances he held, and that he was denied due process of law in connection with a grievance he filed with the Bureau of Prisons. The matter is presently before the Court on a Motion for Reconsideration (Doc. #59) filed by Mr. Dudley in response to the Court's grant of defendant's motion to dismiss for failure to state a claim or, alternatively, for summary judgment. In addition to his Motion for Reconsideration, Mr. Dudley has moved for a final, appealable judgment on the grounds that the Court had not

1

properly signed its order granting summary judgment in favor of the defendants.  For the reasons set forth below, the Court denies Mr. Dudley's Motion for Reconsideration as well as his Motion Requesting a Final Appealable Judgment.

## MOTION FOR RECONSIDERATION

I.  Standard

The Federal Rules of Civil Procedure do not provide a mechanism pursuant to which a party may file a "motion to reconsider." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (quoting *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)).  Instead, the Court construes such a filing as either a Rule 59(e) motion or a Rule 60(b) motion, depending upon the timing of the filing of the motion.  *Id*.

A motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion, whereas a motion to reconsider filed more than ten days after the entry of judgment is considered a motion for relief under Rule 60(b).[1]  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Weitz v. Lovelace Health Sys. Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).  As Mr. Dudley filed his Motion for Reconsideration within ten days of the Court entering judgment, it will be construed as one to alter or amend the judgment pursuant to Rule 59(e).  See *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).

---

[1] Relief may be granted under Rule 60(b) only "in exceptional circumstances." *Amoco Oil Co. v. United States Envtl. Protection Agency*, 231 F.3d 694, 697 (10th Cir. 2000).

Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012 (citing *Brumark Corp. v. Sampson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). *See also* D. Kan. R. 7.3(b) (listing factors for reconsideration) *and Priddy v. Massanari*, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). Thus, a motion for reconsideration "is appropriate where the Court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). A motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1360-61 (D. Kan. 2004).

II. Analysis

Placing the requisite liberal construction upon Mr. Dudley's Motion for Reconsideration, the Court concludes that it asserts the following grounds for the requested relief: (1) the Court failed to liberally construe his prior pleadings to find that 28 U.S.C. § 1331 provides a jurisdictional basis for the consideration of Mr. Dudley's claims; (2) Mr. Dudley should have been granted a scheduling conference; (3) the Court should have provided Mr. Dudley with notice that it would treat the defendants' motion

as one for summary judgment, rather than a motion to dismiss; (4) Mr. Dudley presented sufficient evidence to establish an issue of material fact regarding whether the North Central Regional Office ("NCRO") could be held liable for the detention of Mr. Dudley's mail[2] and he should have been permitted additional discovery to demonstrate the NCRO's responsibility; (5) the NCRO denied Mr. Dudley the opportunity to exhaust administrative remedies, apparently with regard to a separately filed lawsuit in the United States District Court for the District of South Dakota; and (6) Mr. Dudley presented sufficient evidence to survive summary judgment on his claim that federal law required the government to pay his medical bills while housed at KCCC, that the Court improperly denied him the opportunity to conduct additional discovery on this issue, and that he was denied the opportunity to exhaust administrative remedies so as to bring a claim under the Federal Tort Claims Act ("FTCA"). The Court addresses each of these claims below.

*Jurisdiction under § 1331*

Mr. Dudley states that the Court "should have liberally construed" his original complaint as asserting federal question jurisdiction under 28 U.S.C. § 1331 with regard to all defendants in the present action, based upon their alleged violation of the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), 28 U.S.C. § 542 and 42 U.S.C. § 1997 *et. seq.* On September 8, 2009, the Court granted a motion of certain defendants in the action—KCCC and the Executive Director of Residential Programs for

---
[2] Mr. Dudley claims that the Court improperly "assumed the role of the jury in deciding issues of fact and law" with regard to the detention of his mail.

KCCC, Mr. Charles Megerman, on the grounds that the Court lacked personal jurisdiction over them. Whether or not the Court had *subject matter jurisdiction* over such defendants pursuant to the federal law cited by Mr. Dudley has no bearing upon whether the Court could exercise *personal jurisdiction* over such defendants. Therefore, to the extent Mr. Dudley asserts that this Court improperly dismissed the action as against such defendants, the Court rejects his argument. With regard to Mr. Dudley's complaints against the "Federal Defendants" for whom the Court granted the presently-contested motion, the Court did in fact provide the requisite liberal construction to his pleadings and found that Mr. Dudley had attempted to assert federal question jurisdiction under the statutes he cites. As to some claims, the Court concluded that Mr. Dudley had nonetheless failed to exhaust his administrative remedies, a conclusion which separately barred his claims. For other claims, the Court found no factual basis to assert a violation of the particular federal statute cited, that sovereign immunity barred his claim, or that he had otherwise not set forth sufficient facts to survive summary judgment. The Court therefore finds Mr. Dudley's allegation that the Court improperly failed to liberally construe his complaint to assert federal question jurisdiction wholly unfounded.[3]

---

[3] Mr. Dudley also appears to raise a patently frivolous argument that this Court lacked jurisdiction because Mr. Dudley had failed to exhaust his administrative remedies. He stated in his Motion for Reconsideration:

> [The Court] concluded that Plaintiff failed to exhaust the administrative remedy concerning medical [random page inserted] is simply not a fact. Plaintiff complaint cited 42 USC § 1997 et seq (Defendant misconstrued this statute erroneously) however this statute deals expressly with exhaustion requisites. Moreover, Plaintiff inadvertently omitted copies of certain documents (exhibits) and subsequently advised litigants of the omission and thereinafter submitted

5

*Scheduling Conference*

Mr. Dudley complains that the Court should have granted him a scheduling conference under the Federal Rules of Civil Procedure because "more than 120 days elapsed after both Defendants' responses."[4] He does not cite any authority for this proposition. In its order of October 21, 2009, the Court noted that Mr. Dudley's request for a scheduling conference had become moot in light of the Court's decision to grant summary judgment in favor of the defendants. (Doc. 56 at 35). Once Mr. Dudley's claims were dismissed by this Court, it was no longer obligated to set a scheduling conference. Moreover, Mr. Dudley fails to demonstrate how the Court's decision not to grant him a scheduling conference relates to the Court's dismissal of his claims.

---

> same. Copies of medical claims were indeed submitted. The law of the land is that exhaustion is mandatory and in absence of this Court lacks jurisdiction."

Mr. Dudley also stated at the beginning of his Motion for Reconsideration, under the title "Mandatory Nature of the Exhaustion" that "[t]his Court lacked jurisdiction and thereby contravenes Supreme Court's precedent."

To the extent that Mr. Dudley asserts that this Court lacked jurisdiction to enter summary judgment against him on his various claims, the Court rejects the argument as frivolous. Unsurprisingly, this is also an issue that Mr. Dudley failed to raise in his prior pleadings, when he was attempting to invoke this Court's jurisdiction. Since he has not previously asserted this claim and had the opportunity to do so, he may not now assert it as a basis for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012 (explaining that a motion for reconsideration is not an appropriate mechanism to assert arguments that could have been raised in prior pleadings but were not).

[4] On September 3, 2009, the defendants filed their motion to dismiss or, in the alternative, for summary judgment. On September 16, 2009, Mr. Dudley filed his opposition to the defendants' motion, and on September 28, 2009, moved for this Court to set a scheduling conference, noting that the Court had not yet ruled upon the defendants' motion nor set a scheduling conference. On October 10, 2009, the defendants timely filed their reply as well as their response in opposition to Mr. Dudley's motion to set a scheduling conference. The same day, the defendants moved to delay planning, scheduling and discovery until such time as the Court ruled upon their motion to dismiss.

*Treatment of the Motion as One for Summary Judgment*

Mr. Dudley contends that this Court failed to provide him with notice of its intent to treat the defendants' "motion to dismiss or, in the alternative, for summary judgment" as a motion for summary judgment. He believes that the Court should have provided him with a "Rand Notice" before entering summary judgment. However, Mr. Dudley was on notice that the Court might treat their motion as one for summary judgment, as the defendants explicitly sought alternative relief in the form of summary judgment and set forth the applicable summary judgment standards in their motion. Mr. Dudley in fact replied to their motion utilizing the applicable standards, asserting that he had established genuine factual issues. The Court also notes that Mr. Dudley is no stranger to litigation in federal court, as the government has conducted a search of the PACER Service Center and concluded that Mr. Dudley has filed over sixty civil cases in various federal courts over the past twenty years. In addition, this Court was under no obligation to provide Mr. Dudley with a "Rand Notice," referring to a requirement in the Ninth Circuit that the court provide a pro se federal prisoner with "fair notice" of the requirements and consequences of a summary judgment motion. *See Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998). First, as this Court is not a part of the Ninth Circuit, it is not bound by Ninth Circuit law. *See Halpin v. Simmons*, 234 Fed. App'x 818, 820 (10th Cir. 2007) (unpublished opinion). Second, while Mr. Dudley is a *pro se* litigant, he is no longer a pro se prisoner. *See id.* at 958 (noting the reasons for applying the fair notice requirement to pro se prisoners). In conclusion, the Court finds that Mr. Dudley actually had notice of

7

the general summary judgment requirements and that he was not entitled merely on the basis of his *pro se* status to any special notice from this Court. *See Halpin*, 234 Fed. App'x at 820-21 (concluding that the district court need not have provided even a *pro se* prisoner with notice of the requirements of a summary judgment motion where the prisoner had prior litigation experience and his filings demonstrated that he understood without any special notice that he needed to produce evidence to support his opposition to the motion for summary judgment).

*Detention of Mr. Dudley's Mail*

Mr. Dudley contends in his Motion for Reconsideration that he presented sufficient evidence to survive summary judgment on the issue of whether the NCRO could be held liable for detaining his mail, and that he should have been granted an opportunity to engage in additional discovery on this issue before the Court granted summary judgment. Mr. Dudley argued for additional discovery in his opposition to the defendants' motion to demonstrate that the NCRO received his mail, apparently asserting that return addresses on certain correspondence would demonstrate that his mail was funneled through the NCRO before being delivered to him at the residential re-entry center. (Doc. #51 at 9). Mr. Dudley did not assert that any particular individuals at the NCRO should be deemed liable for the detention of his mail aside from Mr. Van Racy, the NCRO Contract Oversight Specialist, and Mr. Michael K. Nalley, the NCRO Regional Director.

As the Court thoroughly explained in its order granting summary judgment in favor of the defendants, Mr. Dudley's damages claims against the NCRO for detention of his mail fail because (1) the doctrine of sovereign immunity bars any *Bivens* claim, and (2) Mr. Dudley has not demonstrated that he has exhausted his administrative remedies in order to bring suit against the NCRO under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*. No additional amount of discovery would assist Mr. Dudley in overcoming these issues. Moreover, his claims for injunctive relief against the NCRO fail because Mr. Dudley did not set forth any facts indicating a substantial likelihood of future injury. *See Hall v. Chester*, 2008 WL 4657279, at *4 (D. Kan. 2008) ("A party cannot maintain an action for injunctive relief unless a substantial likelihood of being injured in the future is demonstrated) (citing *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)). Mr. Dudley has not asserted that discovery would assist him in establishing a claim for injunctive relief against the NCRO.

Moreover, while the doctrine of sovereign immunity would not have barred Mr. Dudley from asserting a claim against a particular individual at the NCRO, in his individual capacity, for the detention of Mr. Dudley's mail, the only two individuals Mr. Dudley contended were responsible were Mr. Van Racy and Mr. Michael K. Nalley. The government presented uncontested evidence that neither individual had any responsibility for the processing of inmate mail and that neither therefore had any knowledge that the NCRO received Mr. Dudley's mail. As the Court explained, these individuals cannot be held liable in their supervisory authority without Mr. Dudley demonstrating personal involvement on their part, and Mr. Dudley failed to either present any facts indicating

9

that either individual had personal involvement or to allege that additional discovery would demonstrate that they did. Therefore, Mr. Dudley was not entitled to any discovery on the issue of individual liability for detention of his mail before the Court granted summary judgment.

*Exhaustion of Administrative Remedies*

Mr. Dudley asserts that he was denied the opportunity to exhaust administrative remedies and, had he been able to do so, he would have been able to file an action under the FTCA for the failure of the government to pay his medical expenses while he was housed at the residential re-entry center. In a supplemental amendment to his complaint, Mr. Dudley alleged that the NCRO improperly hindered his ability to exhaust administrative remedies, apparently in regards to a separately filed lawsuit, but Mr. Dudley never provided this Court with an explanation of what claims this allegation relates to. The defendants stated that Mr. Dudley referred to a separately filed action in the United States District Court for the District of South Dakota and Mr. Dudley did not deny this in subsequent filings. The Court therefore assessed his claim on these grounds, finding that (1) his claim for injunctive relief had been mooted because the District of South Dakota determined Mr. Dudley had exhausted his administrative remedies with regard to the claim in that action and (2) his claim for damages failed because he had alleged absolutely no facts indicating responsibility on the part of the NCRO for his failure to exhaust administrative remedies with regard to his claims in the pending South Dakota litigation.

In his Motion for Reconsideration, Mr. Dudley does not demonstrate that reconsideration is justified because of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Rather, he merely asserts the same arguments the Court has already addressed. Therefore, the Court finds that Mr. Dudley has failed to demonstrate that reconsideration is warranted. *See Servants of Paraclete,* 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). The Court also notes that while Mr. Dudley did not specifically allege that this Court improperly denied him the opportunity to engage in discovery on the issue of whether the NCRO hindered his ability to exhaust administrative remedies, he was nonetheless not entitled to such discovery. In his opposition to the defendant's motion to dismiss, Mr. Dudley claimed that discovery would show the direct involvement of the parties in "the grievance process and its outcome," citing to a provision in the Code of Federal Regulations requiring certain supervisory officials to implement and operate "Administrative Remedy Programs" and review prisoner grievances. *See* 28 C.F.R. § 542.11. However, Mr. Dudley did not comply with the requirements of Rule 56(f) in requesting additional time for discovery. *See* Fed.R.Civ.P. 56(f). See also *Hackworth v. Progressive Cas. Ins. Co*., 468 F.3d 722, 732 (10th Cir. 2006) (explaining that the nonmovant must submit an affidavit "identifying the probable facts not available and what steps have been taken to obtain these facts" and must "explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.") (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). For example, he did not attach an affidavit to his response

requesting discovery and did not explain what steps he had taken to procure the information. *See id*. He has failed to provide even a basic explanation of what grievances he refers to and any action the NCRO could possibly have taken to prevent him from exhausting administrative remedies. While the Court would normally be highly lenient with a *pro se* litigant who had not complied with all formal requirements, Mr. Dudley has had extensive litigation experience in the federal courts and his filings with this Court demonstrate that he understands the importance of complying with the procedural rules.[5] Moreover, even if the form of his contention concerning discovery were totally ignored, it falls short substantively because he failed to provide even any basic explanation of what he has done or how he might seek to proceed. Therefore, the Court finds that Mr. Dudley was not entitled to any additional discovery based upon the assertions made in his opposition to the defendants' motion.

*The Payment of Medical Bills*

Mr. Dudley contends that the Court erred in granting summary judgment to defendants on his claim that federal law requires the government to pay for the medical bills he incurred while at KCCC. Specifically, Mr. Dudley argues that (1) the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), which Mr. Dudley believes obligates the government to pay his medical bills, is of such significance that the Court should reconsider its decision, and the Court should have permitted him additional

---

[5] Mr. Dudley has cited to various local and federal rules throughout his filings with this Court, including rules regarding scheduling and discovery.

discovery on this issue, and (2) the Court misapplied 18 U.S.C. § 4042 in finding that Mr. Dudley had no valid claim under that provision and he was improperly denied the opportunity to exhaust administrative remedies, apparently with regard to this claim.

Mr. Dudley has not set forth any proper basis for reconsideration on the issue of whether the Second Chance Act obligated the government to pay his medical bills. As with his claim regarding exhaustion of administrative remedies, Mr. Dudley has not demonstrated that reconsideration is justified due to an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete*, 204 F.3d at 1012 (citing *Brumark Corp. v. Sampson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). The Court also concludes that reconsideration is not warranted due to his claim that the Court improperly denied him the opportunity to engage in discovery of this issue. In his opposition to the government's motion to dismiss or, in the alternative, for summary judgment, Mr. Dudley merely alleged that discovery on this issue would show that (1) the contract between Mr. Dudley and the Bureau of Prisons (BOP) obligated the government to provide for his medical care; (2) KCCC knew of his need for medical care at the time he entered KCCC but his medical bills still were not paid; and (3) that Mr. Dudley had other outstanding medical costs. In this request, he again failed to comply with the requirements of Rule 56(f). Moreover, these allegations would not warrant this Court granting him additional time for discovery as they either were irrelevant to his claim or were matters that were within the particular knowledge of Mr. Dudley at the time.

Mr. Dudley also claims that this Court misapplied 18 U.S.C. § 4042. The Court concluded that Mr. Dudley could not properly establish a claim under § 4042 for the payment of his medical bills because such an action could be brought only pursuant to the FTCA and Mr. Dudley had not exhausted his administrative remedies with regard to such a claim, a prerequisite to filing a claim under the FTCA. Mr. Dudley does not explain how the Court has misapplied this, except for stating that he was "denied the opportunity…to exhaust the administrative remedies first and then submit the denial of those claims to Federal Tort Claims Act." If Mr. Dudley is thereby alleging that he was denied the opportunity to exhaust his administrative remedies with regard to his claims for the non-payment of his medical bills, reconsideration would nonetheless be inappropriate on such a basis, because Mr. Dudley has not asserted such a claim previously, though he had the opportunity to do so if desired. *See Servants of Paraclete*, 204 F.3d at 1012 (explaining that a motion for reconsideration is not an appropriate mechanism to assert arguments that could have been raised in prior pleadings but were not).

In a separate section of his Motion for Reconsideration, Mr. Dudley also appears to contend that the Court wrongly concluded Mr. Dudley had failed to exhaust his administrative remedies. He states:

> [The Court] concluded that Plaintiff failed to exhaust the administrative remedy concerning medical is simply not a fact. Plaintiff complaint cited 42 USC § 1997 et seq (Defendant misconstrued this statute erroneously) however this statute deals expressly with exhaustion requisites. Moreover, Plaintiff inadvertently omitted copies of certain documents (exhibits) and subsequently advised litigants of the omission and thereinafter submitted same. Copies of medical claims were indeed

14

submitted. The law of the land is that exhaustion is mandatory and in absence of such this Court lacks jurisdiction.

As the Court noted in its order granting summary judgment to the defendants, Mr. Dudley did attach as "exhibits" certain letters and grievance forms that Mr. Dudley allegedly sent to the Bureau of Prisons.[6] Mr. Dudley never contended that these unauthenticated "exhibits" demonstrated he had exhausted administrative remedies with regard to his claims concerning payment of his medical bills, and the defendants presented uncontested, authenticated evidence that he had not.[7] Indeed, in his Motion for Reconsideration, Mr. Dudley seems to concede that he has not exhausted such administrative remedies because he argues that he has been prevented from doing so in some unspecified manner. Therefore, the Court concludes that Mr. Dudley cannot assert this argument as a basis for reconsideration. *Id*.

## MOTION FOR A FINAL APPEALABLE JUDGMENT

---

[6] The grievance form was not signed and contained no indication that it had been received by the Bureau of Prisons. The other two documents were letters Mr. Dudley had allegedly written to the "Medical Administrator" at "Bureau of Prisons, NCRO" in Kansas City, Kansas, and to the "General Counselor" at the Bureau of Prisons in Washington, D.C. As the Court explained, these exhibits were not supported by affidavit or deposition testimony as required under Federal Rule 56(c) and D. Kan. Rule 56.1(d) and were insufficient to refute the authenticated evidence provided by the government regarding the Bureau of Prison's lack of knowledge of Mr. Dudley's outstanding medical bills.

[7] The defendants provided the "Declaration of Mary Martinez," a Legal Technician in the NCRO of the Bureau of Prisons, stating that Mr. Dudley had not filed any administrative tort claims "for property damage or personal injury related to the alleged opening, censoring, or delay of his legal mail, any claims related to payment of medical bills, or any claims related to alleged NCRO staff interference, such as by scam or artifice, with his ability to file a federal lawsuit." (Doc. 49-15).

Mr. Dudley also requests that this Court issue a final, appealable judgment. He states that this Court did not properly sign its prior order of October 21, 2009, granting summary judgment in favor of the defendants. However, the order was in fact signed. Moreover, D. Kan. Rule 5.4.4 states that any order of the Court that is filed electronically "without the signature of a judge, magistrate judge, or clerk has the same force and effect as if the judge, magistrate judge, or clerk, respectively, had signed a paper copy of the order and it had been entered on the docket in a conventional manner." The Court therefore finds Mr. Dudley's motion to be without merit.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Reconsideration (Doc. #59) is denied. Moreover, plaintiff's Motion Requesting a Final Appealable Judgment is denied.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
